Marshall, C. J.
Two questions are presented to this court for determination: first, whether the court of common pleas properly disposed of the issue of res adjudicaba and whether the plaintiff was denied the right of jury trial upon that issue; second, whether the doctrine of res adjudicaba does apply. These questions will be discussed separately.
*327 First: Was the action of the court of common pleas regular? It seems quite clear that the court of common pleas had under consideration a demurrer to the reply. It seems equally clear that the allegation in the reply above quoted raised a question of identity of the subject-matter. This was an issue of fact which was proper for the determination of a jury. It appears from the bill of exceptions on file, however, that the parties desired to have the entire issue of res adjudicata determined in advance of other questions and to facilitate that inquiry agreed upon a statement of facts. While it does not appear that a jury was at any time expressly waived, the submission of an agreed statement of facts left nothing for the determination of a jury, because it is elemental that a jury is only for the purpose of passing upon facts. By agreeing to the facts and submitting them to the court in connection with the argument of the demurrer to the reply, counsel will not be heard at this time to complain of irregularity, but will be held to an observance of the well-established rule that an agreed statement of facts covering any issue should be treated as a special verdict, leaving to the court only the determination of the law applicable to a special verdict. (Clinton Bank of Columbus v. Ayres & Neil, 16 Ohio, 282.) Although the demurrer was filed only to the reply, the demurrer brought before the court all the pleadings in the case and searched the entire record, and the parties having agreed upon the facts pertaining to that issue the trial court was fully authorized to determine the issue and enter final judgment. There was therefore no irregularity on the part of the trial court.
*328 Second: Does the doctrine of res adjudicata apply? It is admitted that there was a former trial between the same parties, and both lower courts have found that there was an identity of the subject-matter. This court will not review or weigh evidence to determine whether the findings of the lower courts were justified, but the discussion of the case in this court will be upon the theory that those findings are finally established. In the brief of counsel for plaintiff in error it is conceded that the damages alleged in the first and second suits were caused by the same change of grade, that the verdict rendered in the first suit covered the damages to ingress and egress, and that the amount of the verdict was paid. It is further admitted that no error was prosecuted from the judgment in the first suit. The question remaining for determination arises out of the fact that upon the hearing in the first suit the court ruled as matter of law that the plaintiff was not entitled to recover for damages to her improvements, that this ruling of the court was erroneous, and that there was therefore no determination of the damages to the improvements. The agreed statement of facts clearly shows that all evidence offered by the plaintiff in the first suit tending to prove damages to the improvements was rejected, and in the charge of the court to the jury plaintiff was limited to the damages caused by obstruction to ingress and egress. The agreed statement of facts shows that no determination of damages was ever made by the jury, but it also shows that a determination of the legal question of her right to damages for injuries to her improvements was submitted to and determined by the court. The plaintiff was apparently *329 satisfied at that time with the action of the court and the judgment in her favor, because tbe amount of the judgment was paid by defendant and received by plaintiff and no error prosecuted therefrom. The doctrine of res adjudicada is much broader in its application than necessary to a determination of the question involved. The rule is well settled that an adjudication in one action between the same parties is final and conclusive not only as to the matter actually determined but as to every other material issue which the parties might have litigated, incident to or connected with the subject-matter of the litigation. In the instant case it is not a question of what might have been determined, because it appears from the agreed statement of facts that the issue as to damages to improvements was in fact determined. A careful study of the two petitions leaves no doubt that in both pleadings claim was made for damages to the improvements and that an answer to the first petition clearly made an issue upon that claim and that the court determined, whether rightfully or wrongfully, that she was not entitled to recover upon that ground. Portions of the testimony adduced in the first hearing were incorporated in the agreed statement of facts, which testimony discloses that the injury had already occurred and that the property was already practically destroyed at the time of the former suit. It therefore leaves no possible ground for the claim that the actual damages to the improvements occurred since the determination of the first suit.
It has been several times decided by courts of Ohio that when a demurrer to a petition had been sustained and the cause dismissed on the ground *330 that no cause of action was stated, a subsequent suit involving the same facts in which a cause was well pleaded did not come within the rule of res adjudicates. Those cases are now urged by counsel for plaintiff as applying to this controversy, but it seems quite clear that the principle of those cases does not apply here, because in the first suit a good cause was pleaded and submitted upon evidence and disposed of by the judgment of the court, and the courts below have found in the second suit as a fact that there is an identity of subject-matter between the two. If counsel’s contentions are sound then the doctrine would never apply to a directed verdict and such cases would be interminable.

Judgment affirmed.

Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.